UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL F. NODAL, M.D.,

    Plaintiff,

v.                                           Case No. 8:11-cv-1143-T-24 MAP

INFINITY AUTO INSURANCE
COMPANY f/k/a Leader Insurance
Company,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 7). As explained below, the motion is denied.

**I. Background**

Plaintiff Raul Nodal has filed a one-count complaint of malicious prosecution against Defendant Infinity Auto Insurance Company ("Infinity") due to Infinity's filing of a civil theft claim against him in state court. In support of his malicious prosecution claim, Nodal alleges the following in his complaint (Doc. No. 1): Nodal is a doctor that treated Infinity's insured, Ariel Felipe, in 2007 after Felipe was involved in two car accidents. Nodal submitted Felipe's medical bills to Infinity for payment, and Infinity paid $7,704 for Felipe's medical treatment. However, after paying the medical bills, Infinity accused Nodal of billing for medical services on behalf of Felipe that were either not rendered or were rendered illegally and fraudulently.

Infinity filed suit against Nodal in state court for civil theft and alleged that the codes used in Nodal's billings for Felipe's medical treatment were not supported by the medical records, that Nodal had engaged in unlawful billing, and that Nodal submitted misleading bills

for services that were not rendered.  During discovery in the state court case, Infinity provided Nodal with a copy of the expert report of Connie Coleman, which Infinity stated was the sole basis for its claims against Nodal.  However, Coleman stated the following in her expert report:

> By concluding that improper coding has been utilized, no inference is implied as to whether or not the coding error was the result of innocent oversight, failure to document services rendered, intentional misconduct or a systematic scheme to defraud.  Clinical correlation may be necessary to determine the source of the coding error.

(Doc. No. 1-1, p. 58 of 100).  Infinity did not conduct further clinical correlation to determine the source of the coding error.

Nodal moved to dismiss Infinity's state court complaint, and the state court granted the motion with leave to amend.  Thereafter, Infinity filed an amended complaint that did not add any new factual allegations, and Nodal moved to dismiss the amended complaint.  Prior to the state court ruling on the motion to dismiss, Infinity dismissed its amended complaint without prejudice.

Thereafter, Nodal filed a motion for attorneys' fees pursuant to Florida Statute § 772.11. Section 772.11(1) provides, in pertinent part, that when an unsuccessful civil theft claim is asserted, "[t]he defendant is entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim that was without substantial fact or legal support."

Nodal set his motion for attorneys' fees for an evidentiary hearing in state court.  Infinity submitted the report of Joel Grossman, M.D., a medical bill auditing and coding review physician, to support its contention that its civil theft claim had substantial factual support.  The trial court denied Nodal's motion for attorneys' fees, and Nodal appealed.  The appellate court reversed, finding that Coleman and Grossman's reports did not show that Nodal acted with

criminal intent to deprive Infinity of property, which is a required element of a civil theft claim. (Doc. No. 1-2, p. 68 of 69). Furthermore, the appellate court pointed out that Coleman's "report[] expressly cautioned against making that leap." (Doc. No. 1-2, p. 68 of 69). As such, the appellate court concluded that since there was no record evidence to provide the factual or legal basis for a civil theft claim, Nodal was entitled to his attorneys' fees under § 772.11.

Thereafter, on May 23, 2011, Nodal filed the instant lawsuit for malicious prosecution. In his complaint, Nodal alleged that Infinity did not have probable cause for its civil theft claim, that Infinity acted with malice in pursuing the claim, and that Nodal was damaged. In response to Nodal's complaint, Infinity has moved to dismiss the case.

## II. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III.  Motion to Dismiss

To state a claim for malicious prosecution, Nodal must allege the following: (1) a civil judicial proceeding against Nodal was commenced or continued; (2) Infinity was the legal cause of the original proceeding against Nodal; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of Nodal (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of Infinity; and (6) Nodal suffered damage as a result of the original proceeding.  See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla.1994)(citations omitted).  In its motion, Infinity argues that Nodal's malicious prosecution claim must be dismissed, because Nodal failed to sufficiently allege facts to support the elements of lack of probable cause, malice, and damages.  As explained below, the Court rejects these arguments.

#### A.  Lack of Probable Cause

To state a claim for malicious prosecution, Nodal must allege that there was an absence of probable cause for the civil theft claim that Infinity pursued in state court.  "To establish probable cause, it is not necessary to show that the instigator of a lawsuit was certain of the outcome of the proceeding, but rather that he had a reasonable belief, based on facts and circumstances known to him, in the validity of the claim."  Mee Industries v. Dow Chemical Co., 608 F.3d 1202, 1211 (11th Cir. 2010)(quoting Wright v. Yurko, 446 So. 2d 1162, 1166 (Fla. 5th

4

DCA 1984)). Lack of probable cause can be shown "[w]here it would appear to a 'cautious man' that further investigation is justified before instituting a proceeding," and such investigation is not undertaken. Harris v. Lewis State Bank, 482 So. 2d 1378, 1382 (Fla. 1st DCA 1986); see also Mee Industries, 608 F.3d at 1212-13 (citation omitted).

In the underlying state court lawsuit, the only basis for Infinity's civil theft claim was the expert report of Coleman. However, Coleman specifically stated in her report that she made no conclusions regarding whether the improper coding was an intentional act of misconduct and that clinical correlation may be necessary in order to determine the source of the coding error. Infinity did not conduct further clinical correlation, and the appellate state court concluded that there was no record evidence to provide a factual or legal basis for Infinity's civil theft claim. Accordingly, this Court finds that Nodal has properly alleged that there was an absence of probable cause for the civil theft claim that Infinity pursued in state court.

### B. Malice

To state a claim for malicious prosecution, Nodal must allege that Infinity acted with malice in pursuing the civil theft claim. Nodal "need not allege actual malice; legal malice is sufficient and may be inferred from . . . a lack of probable cause." Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002); see also Alamo Rent-A-Car, 632 So. 2d at 1357. As the Court has found that Nodal has adequately alleged a lack of probable cause, the Court finds that Nodal has also sufficiently alleged legal malice.

### C. Damages

To state a claim for malicious prosecution, Nodal must allege that he suffered damage as a result of the civil theft lawsuit. Infinity contends that Nodal fails to adequately allege that he

suffered any damages, since he was awarded his attorneys' fees in the underlying state court case. The Court rejects this argument, since Nodal alleges in the complaint that he suffered damages as a result of Infinity's civil theft claim. Furthermore, the Court notes that there are other types of damages, beyond attorneys' fees incurred in the underlying litigation, that may be recoverable in a malicious prosecution action. See Ware v. U.S., 971 F. Supp. 1442, 1471 (M.D. Fla. 1997)(noting that injury to reputation, humiliation, and mental anguish resulting from a malicious prosecution may be recoverable in a malicious prosecution action).

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Infinity's Motion to Dismiss (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of August, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record